IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST VEGA,<br><br>    Petitioner,<br><br>vs.<br><br>WILLIAM KNIPP, Warden,<br><br>    Respondent.<br>_____ / | No. C 12-5619 YGR (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EVIDENTIARY HEARING; AND SETTING BRIEFING SCHEDULE**<br><br>(Docket Nos. 10, 12) |

## INTRODUCTION

Petitioner Ernest Vega, a state prisoner incarcerated at Valley State Prison in Chowchilla, California, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss ("MTD") the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Also before the Court are Petitioner's motions for appointment of counsel and for an evidentiary hearing.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss the petition as untimely without prejudice to renewing the motion and addressing the equitable tolling issue outlined below. The Court also DENIES Petitioner's pending motions.

## BACKGROUND

On April 17, 2001, a jury convicted Petitioner guilty of assault with intent to commit rape, attempted rape, false imprisonment, and attempted sexual penetration. Petitioner admitted that he had four prior strike convictions (including two prior serious felony convictions), and that he had served a prior prison term. The trial court sentenced Petitioner under California's Three Strikes law,[1]

---

[1] California's Three Strikes law appears in California Penal Code § 667(b)-(i). The heart of the Three Strikes law is § 667(e), which prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies. California voters approved Proposition 36 in November 2012 substantially amending the Three Strikes law, but because Petitioner was sentenced prior to these amendments, the 1994 law was applied.

imposing a term of twenty-five years to life for assault as well as identical concurrent terms for the other three offenses. (MTD, Ex. A at 1-2.) The trial court also imposed a consecutive eleven-year sentence comprised of two five-year serious-felony enhancements and a one-year prison-term enhancement. (*Id.*)

On March 12, 2003, the California Court of Appeal affirmed Petitioner's conviction. (MTD, Ex. B.)

On April 22, 2003, Petitioner sought review in the California Supreme Court. (MTD, Ex. C.) On May 21, 2003, the state supreme court denied review. (MTD, Ex. D.)

On September 22, 2011,[2] Petitioner filed a habeas petition in the Santa Clara County Superior Court. (MTD, Ex. E.) On November 17, 2011, the state superior court denied the petition. (MTD, Ex. F.)

On January 3, 2012,[3] Petitioner filed a habeas petition in the California Court of Appeal. (MTD, Ex. G.) On January 17, 2012, the state appellate court denied the petition. (MTD, Ex. H.)

On February 8, 2012,[4] Petitioner filed a habeas petition in the California Supreme Court. (MTD, Ex. I.) On May 16, 2012, the state supreme court denied the petition citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998). (MTD, Ex. J.)

On October 19, 2012,[5] Petitioner filed his federal habeas petition in this Court. (Docket No.

---

[2] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). Petitioner's state superior, appellate and supreme court habeas petitions were signed on September 22, 2011, January 3, 2012 and February 8, 2012, respectively. (MTD, Exs. E, G, I.) Petitioner signed his federal habeas petition on October 19, 2012. (Docket No. 1.) For the purposes of this discussion, the Court deems that the aforementioned petitions were filed on those dates.

[3] *See supra* note 2.

[4] *Id*.

[5] *Id*.

2

1.)

On May 16, 2013, Respondent filed his motion to dismiss the petition as untimely. (Docket No. 10.)

On August 1, 2013, Petitioner filed his opposition. (Docket No. 13.) On the same date, Petitioner filed his motions for appointment of counsel and for an evidentiary hearing. (Docket No. 12.)

On August 12, 2013, Respondent filed his reply to the opposition. (Docket No. 14.)

## DISCUSSION

### I.   Motion to Dismiss Petition As Untimely

#### A.   Legal Standard

AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitations period to commence before AEDPA's enactment would have an impermissible retroactive effect), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner,

ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. *See id*. "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

### B. Analysis

In the present case, the limitations period started running on August 20, 2003 -- when Petitioner's sentence became final ninety days after the California Supreme Court denied review. *See id*. Thus, Petitioner had one year from the time the limitations period started running -- or until August 19, 2004 -- to file his federal habeas petition, absent tolling. Petitioner did not file the present petition until October 19, 2012 -- more than eight years after the limitations period had expired. The petition is therefore untimely *unless* Petitioner can show that he is entitled to tolling.

#### 1. Statutory Tolling

A petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under 28 U.S.C. § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v. DiGuglielmo,* 544 U.S. 408 (2005).

In *Carey v. Saffold*, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a

4

state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in higher court. *See id.* at 220-25.

A state habeas petition filed *before the limitations period begins to run* tolls the limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). However, an application for state post-conviction or other collateral review filed *after the limitations period has ended* cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit reinitiation of limitations period that has ended before state petition was filed, even if state petition was timely filed).

In the present case, Petitioner did not begin seeking collateral review until September 22, 2011, which was seven years after the limitations period expired on August 19, 2004. Therefore, his September 22, 2011 superior court habeas petition could not revive the expired limitations period. *See Ferguson*, 321 F.3d at 823. Furthermore, Petitioner was not eligible for statutory tolling during the time periods his state habeas petitions were pending in the state appellate and supreme courts because "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Therefore, statutory tolling does not apply to Petitioner's petition.

Furthermore, in denying Petitioner's state habeas petition, the California Supreme Court cited *In re Robbins*. (MTD, Ex. I.) A California court's citation of *In re Robbins* is a clear ruling that the petition was untimely. *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). Pursuant to *Thorson*, the citation to *In re Robbins*, 18 Cal. 4th at 780 (as was the case here), suggests that the state supreme court petition was denied based on untimeliness because the state supreme court cited to the page in *In re Robbins* that discusses timeliness determinations. *Id.* "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [section] 2244(d)(2)." *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). In *Pace*, the United States Supreme Court held that "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under

5

[section] 2244(d)(2)." *Id.* at 413.  Here, because the state supreme court's citation to *In re Robbins* was a clear ruling that the state supreme court petition was untimely, it was not "properly filed" under AEDPA.  *See id.*  Accordingly, Petitioner is not entitled to statutory tolling under section 2244(d)(2).  His petition is barred as untimely unless he can show that he is entitled to equitable tolling of the limitations period.

### 2. Equitable Tolling

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288.  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner does not expressly state in his opposition to Respondent's motion to dismiss that he is entitled to equitable tolling.  In the abundance of caution, Respondent has pointed out that in claim one of his petition, Petitioner seems to allege that "he is justified in filing an untimely petition because he was trying to obtain unspecified transcripts." (MTD at 4.)  The Court assumes that Petitioner is raising a claim that he is entitled to equitable tolling based on his lack of access to his trial transcripts because he states as follows:

> Petitioner is and has always been without his Transcripts which affects his ability to conduct a meaningful review of the records making it impossible to prefect an appeal.  Petitioner has been relying solely on memory and only recently discovered that these were rights intiteled [sic].

6

(Pet. at 12.[6]) Respondent claims that Petitioner is not entitled to equitable tolling because it cannot be said that his lack of access to his trial transcripts constitutes an extraordinary circumstances beyond his control making it impossible for him to file a federal petition on time. (MTD at 4 (citing *Beeler*, 128 F.3d at 1288).) Specifically, Respondent argues:

> . . . the Santa Clara County Superior Court, in an order dated November 17, 2011, stated petitioner's efforts to obtain transcripts from his appellate counsel stopped in 2004. Exh. F at 2. Even if petitioner's efforts to obtain transcripts had continued beyond that period, nothing in petitioner's submissions explains the eight-year delay in filing a federal petition. Indeed, even after receiving the state supreme court's denial of his habeas petition, he waited five and a half months before filing his federal petition. Accordingly, petitioner fails to show there were "extraordinary circumstances beyond [his] control [that made] it impossible to file a petition on time."

*Id.* (citations omitted).

A habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting *Spitsyn*, 345 F.3d at 801). Therefore, Petitioner's lack of access to his trial transcripts could constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See id.* (equitable tolling warranted during inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); *see also Lott v. Mueller*, 304 F.3d 918, 921-24 (9th Cir. 2002) (granting habeas petitioner equitable tolling for eighty-two days he was deprived of his legal materials due to two temporary transfers, despite the fact that petitioner received materials shortly before the limitations period was to expire).

The Court notes that Petitioner does not specify why his trial transcripts were necessary to file a timely federal petition. Neither does Petitioner show consistent proof that he was diligent in trying to obtain his legal files. For example, as Respondent pointed out, the superior court order dated October 31, 2011, stated that Petitioner's "efforts to obtain [trial transcripts] from his appellate counsel stopped in 2004." (MTD, Ex. F at 2.) However, Petitioner counters that he has submitted

---

[6] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

evidence that "dispute[s] the lower court['s] fact-findings as to the date of any last attempts to acquire transcripts, therefor[e] justifying any delays." (Opp'n at 4.) In support of his claim, Petitioner has attached a copy of a letter dated April 18, 2011 that he sent to his appellate counsel requesting for copies of the trial transcripts. (Pet. at 49-51.) Finally, Petitioner does he explain whether he could have obtained this information from his general knowledge obtained during his trial at the Santa Clara County Superior Court. Thus, the Court *could* find that Petitioner fails to meet his burden of proof to establish whether his lack of access to his trial transcripts was an extraordinary circumstance that made it impossible for him to file a federal petition on time. *Cf. Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling based on delay in receiving trial transcripts because possession of trial transcript is not a condition precedent to filing for post-conviction relief; a petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript). However, at this time, the Court finds that the record is not fully developed, as explained below. Therefore, the Court cannot determine whether Petitioner is entitled to equitable tolling based on his alleged lack of access to his trial transcripts.

In assessing an equitable tolling claim, the Court must take care not to deny a motion for equitable tolling before a sufficient record can be developed. A petitioner does not "carry a burden of persuasion" at the time he asserts equitable tolling in opposition to a motion to dismiss; further factual development is "required" even if a petitioner makes only a conclusory verified allegation. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (reversing grant of motion to dismiss because district court failed to "develop the record" in response to petitioner's conclusory claim of mental incompetency). Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development of the record. *Id.* (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in prison law library and legal significance of such a

finding)).  Thus, under *Laws*, a district court may not grant a motion to dismiss merely because a petitioner fails to provide evidence beyond conclusory statements to support his claim for equitable tolling.  Rather, the court may only dismiss a claim in the presence of a sufficiently developed record containing "countervailing evidence" that rebuts a petitioner's equitable tolling claim.  *Id.* Imposing extraordinarily high evidentiary standards on *pro se* prisoner litigants seeking equitable tolling "runs against the grain of our en banc ruling in *Rand*,[7] which concluded that affirmative measures are sometimes required to ensure that a prisoner's access to the courts is adequate, effective, and meaningful." *Lott*, 304 F.3d at 924 (footnote added and internal quotation marks omitted).

Here, the record is not sufficiently developed for consideration as to Petitioner's claim for equitable tolling based on his lack of access to his trial transcripts.  For example, the parties have not presented the Court with a complete and *undisputed* record of Petitioner's efforts to obtain a copy of his trial transcripts from the start of the limitations period on August 20, 2003 through the filing date of his federal petition on October 19, 2012.  Further, Respondent has not offered any "countervailing evidence" to rebut Petitioner's equitable tolling claim, for example, evidence showing Petitioner did not suffer from a lack of access to his trial transcripts or other related evidence in the form of mail log records from the prison showing that Petitioner did not engage in the alleged efforts to obtain his trial transcripts during the relevant time period.  Accordingly, based on the record before it, the Court cannot determine whether Petitioner is entitled to equitable tolling based on his alleged lack of access to his trial transcripts during the relevant time period.

Under the circumstances, Respondent's motion to dismiss the petition as untimely (Docket No. 10) is DENIED.  This denial is without prejudice to renewing said motion, provided that Respondent can demonstrate that Petitioner did not suffer from a lack of access to his trial transcripts (that caused the untimely filing of his federal petition) with "countervailing evidence" that rebuts Petitioner's equitable tolling claim.  If Respondent files a renewed motion to dismiss addressing the

---

[7] *Rand v. Rowland,* 154 F.3d 952, 958 (9th Cir. 1998) (en banc).

aforementioned equitable tolling issue, Petitioner shall be given the opportunity to file an opposition. Petitioner is directed to counter Respondent's argument against equitable tolling based on his alleged lack of access to his trial transcripts. Specifically, the Court directs Petitioner to: (1) specify why a copy of his trial transcripts was necessary to file a timely federal petition; (2) show that he was diligent in trying to obtain his trial transcripts by showing a complete record of his efforts to do so; and (3) explain why he could not have made use of information from his general knowledge obtained during his trial at the Santa Clara County Superior Court. Finally, Respondent shall file a reply to Petitioner's opposition. The parties shall abide by the briefing schedule outlined below.

## II.     Petitioner's Motions for Appointment of Counsel and for Evidentiary Hearing

Petitioner has requested the appointment of counsel and an evidentiary hearing. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations, *see Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966), and whenever an evidentiary hearing is required, *see* Rule 8(c) of the Rules Governing Section 2254 Cases; *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *Bashor*, 730 F.2d at 1234.

The Court finds that the appointment of counsel is not necessary at this time. As explained above, the Court has denied the pending dispositive motion filed by Respondent. Although the Court has allowed Respondent to renew his dispositive motion and set a new briefing schedule for briefing on equitable tolling based on Petitioner's alleged lack of access to his trial transcripts, the issue is a

narrow one and involves a single area of concern. There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e) at this time. As explained above, the Court has allowed Respondent to file a renewed dispositive motion. Even if Respondent does not file a renewed dispositive motion, and the Court has to resolve the merits of the petition -- there is still no indication that an evidentiary hearing is required. If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. *See Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000).

For these reasons, Petitioner's motions for the appointment of counsel and for an evidentiary hearing (Docket No. 12) are DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Respondent's motion to dismiss the petition as untimely (Docket No. 10) is DENIED without prejudice to renewing the motion and addressing the equitable tolling issue set forth above no later that **twenty-eight (28) days** of the date of this Order. If Respondent chooses to file a renewed motion, Petitioner shall file an opposition (also addressing the equitable tolling issue set forth above), no later than **twenty-eight (28) days** of his receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fourteen (14) days** of receipt of any opposition.

2.    Should Respondent fail to file a renewed motion to dismiss within the twenty-eight-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be granted. Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7. Petitioner's motions for the appointment of counsel and for an evidentiary hearing (Docket No. 12) are DENIED.

8. This Order terminates Docket Nos. 10 and 12.

IT IS SO ORDERED.

DATED: January 31, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\HC.12\Vega5619.denyMTD.frm                    12