IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNEST VEGA,

    Petitioner

v.

RON DAVIS, Warden,

    Respondent.

Case No:  C 12-5619 YGR (PR)

**ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS PETITION AS UNTIMELY**

Petitioner Ernest Vega, a state prisoner, filed the instant *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is Respondent's renewed motion to dismiss the instant petition as untimely under the one year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).  Having read and considered the papers submitted and being fully informed, the Court GRANTS Respondent's renewed motion and dismisses the petition.

**I.    BACKGROUND**

On April 17, 2001, a jury convicted Petitioner guilty of assault with intent to commit rape, attempted rape, false imprisonment, and attempted sexual penetration.  Petitioner admitted that he had four prior strike convictions (including two prior serious felony convictions), and that he had served a prior prison term.  The trial court sentenced Petitioner under California's Three Strikes law, imposing a term of twenty-five years to life for assault as well as identical concurrent terms for the other three offenses.  Dkt. 10, Ex. A at 1-2.  The trial court also imposed a consecutive eleven-year sentence comprised of two five-year serious-felony enhancements and a one-year prison-term enhancement.  *Id.*

On March 12, 2003, the California Court of Appeal affirmed Petitioner's conviction.  Dkt. 10, Ex. B.

On April 22, 2003, Petitioner sought review in the California Supreme Court.  Dkt. 10, Ex. C.  On May 21, 2003, the state supreme court denied review.  Dkt. 10, Ex. D.

On September 22, 2011, Petitioner filed a habeas petition in the Santa Clara County Superior Court. Dkt. 10, Ex. E. On November 17, 2011, the state superior court denied the petition. Dkt. 10, Ex. F.

On January 3, 2012, Petitioner filed a habeas petition in the California Court of Appeal. Dkt. 10, Ex. G. On January 17, 2012, the state appellate court denied the petition. Dkt. 10, Ex. H.

On February 8, 2012, Petitioner filed a habeas petition in the California Supreme Court. Dkt. 10, Ex. I. On May 16, 2012, the state supreme court denied the petition citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998). Dkt. 10, Ex. J.

On October 19, 2012, Petitioner filed his federal habeas petition in this Court. Dkt. 1.

On May 16, 2013, Respondent filed his motion to dismiss the petition as untimely. Dkt. 10. On August 1, 2013, Petitioner filed his opposition. Dkt. 13.

In its January 31, 2014 Order resolving the motion to dismiss, the Court acknowledged that Petitioner had raised a claim that he is entitled to equitable tolling based on his lack of access to his trial transcripts. Dkt. 15 at 6. The Court denied Respondent's motion to dismiss, finding that the record had not been adequately developed as to Petitioner's argument that he is entitled to equitable tolling based on his lack of access to his trial transcripts. Dkt. 15 at 9. The motion was denied without prejudice to refiling, provided Respondent could offer

> . . . "countervailing evidence" to rebut Petitioner's equitable tolling claim, for example, evidence showing Petitioner did not suffer from a lack of access to his trial transcripts or other related evidence in the form of mail log records from the prison showing that Petitioner did not engage in the alleged efforts to obtain his trial transcripts during the relevant time period.

*Id.* Petitioner was directed to counter Respondent's argument against equitable tolling based on his alleged lack of access to his trial transcripts. Specifically, the Court directed Petitioner to: (1) specify why a copy of his trial transcripts was necessary to file a timely federal petition; (2) show that he was diligent in trying to obtain his trial transcripts by showing a complete record of his efforts to do so; and (3) explain why he could not have made use of information from his general knowledge obtained during his trial at the Santa Clara County Superior Court. *Id.* at 10.

On February 28, 2014, Respondent filed his renewed motion to dismiss. Dkt. 16. Respondent incorporates by reference the first motion to dismiss, including the exhibits filed with

that motion. Id. at 2. Petitioner has filed an opposition to the renewed motion, and Respondent filed a reply. Dkts. 17, 18.

## II. DISCUSSION

AEDPA, effective April 24, 1996, imposes a limitations period on petitions for a writ of habeas corpus filed by state prisoners. In prisoner actions challenging non-capital state convictions or sentences, a habeas petition must be filed within one year of the latest date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state prisoner whose conviction became final after April 24, 1996, such as the case here, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. Id. "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen, 188 F.3d at 1159 (same).

In the present case, the limitations period started running on August 20, 2003—when Petitioner's sentence became final ninety days after the California Supreme Court denied review. See id. Thus, Petitioner had one year from the time the limitations period started running—or until August 19, 2004—to file his federal habeas petition, absent tolling. Petitioner did not file the present petition until October 19, 2012—more than eight years after the limitations period had

3

expired.  The petition is therefore untimely unless Petitioner can show that he is entitled to equitable tolling.[1]

The AEDPA's one-year limitations period is subject to equitable tolling because § 2244(d) is a statute of limitations and not a jurisdictional bar.  *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly),* 163 F.3d 530 (9th Cir. 1998) (en banc).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is unavailable in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288 (citation omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (noting that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him").  Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'"  *Id.* at 1066.  At the same time, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor."  *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002).  When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally.  *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

As mentioned above, the Court has construed Petitioner's statements in his petition to

---

[1] The Court previously found that statutory tolling was not sufficient to overcome the time bar to Petitioner's federal habeas petition.  Dkt. 14 at 4.

4

indicate that he is raising a claim that he is entitled to equitable tolling based on his lack of access to his trial transcripts between the period from the start of the limitations period on August 20, 2003 through the filing date of his federal petition on October 19, 2012.

### 1. BACKGROUND RELATING TO PETITIONER'S EQUITABLE TOLLING CLAIM

In its January 31, 2014 Order, the Court cited *Laws v. Lamarque*, 351 F.3d 919, 922-24 (9th Cir. 2003) which relates to the showing necessary to establish a tolling claim based on mental impairment and physical ailments. Dkt. 15 at 8. Under *Laws*, a petitioner is required to make an initial showing that he suffered from a mental illness sufficiently severe to warrant equitable tolling. If a petitioner makes an initial showing of severe mental illness, a district court must take care not to deny a claim for equitable tolling before a sufficient record can be developed. *Laws*, 351 F.3d at 924. Once the record has been sufficiently developed, the district court may dismiss a claim of equitable tolling based on severe mental illness if it finds there is sufficient "countervailing evidence" that rebuts the claim. *Id.*

The Court acknowledged that a habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Dkt. 15 at 7 (citing *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting *Spitsyn*, 345 F.3d at 801)). Therefore, Petitioner's lack of access to his trial transcripts could constitute an extraordinary circumstance sufficient to warrant equitable tolling; however, the Court determined that the record was not sufficiently developed, as explained above. *See* Dkt. 15 at 9.

In their renewed motion to dismiss, Respondent argues that Petitioner did not pursue his rights diligently, nor did his lack of access to his trial transcripts constitute an extraordinary circumstance that prevented him from timely filing his federal petition. Therefore, Respondent claims Petitioner he is not entitled to equitable tolling for the more than eight-year delay in filing his federal petition. Respondent has given the following summary as to Petitioner's efforts to request his trial transcripts. Petitioner does not dispute this summary of the facts (which is mostly based on documents he provided and attached to the instant petition); therefore, the Court adopts Respondent's summary, as follows:

> The California Supreme Court denied review of petitioner's direct appeal on May 21, 2003. [Dkt. 10, Ex. D.] According to the emails that constitute Exhibit A to petitioner's Petition for Writ of Habeas Corpus in the Santa Clara County Superior Court,[2] petitioner's girlfriend, Melissa Lozano, began contacting petitioner's appellate counsel, Alan Yockelson, about obtaining petitioner's trial transcripts in January 2003. Pet. at 35-47.[3] Yockelson stated in an email dated July 24, 2003, that he had sent the original transcripts to Lozano, as petitioner had requested, by priority mail. Pet. at 35-37. Because Lozano had not received the transcripts, Yockelson said he would put a trace on the package. *Id.* Exhibit B to petitioner's state habeas petition consists of letters between petitioner and Yockelson (several of which are duplicated). Pet. at 49-73. The last letter from Yockelson to petitioner is dated November 22, 2004. Pet. at 55. Yockelson stated he had asked the Post Office to trace the package sent to Lozano, without success. He also stated he would contact the Attorney General's Office to try to obtain another copy of the transcripts and send them to petitioner. Yockelson also stated, "And, just so you know, you do not need the transcripts to complete your federal habeas, just the briefs you already have." *Id.* In a letter dated December 2, 2004, from petitioner to Yockelson, petitioner complained that he still had not received any transcripts. Pet. at 61. No further correspondence between petitioner and Yockelson was provided, until a letter dated April 18, 2011, from petitioner to Yockelson, in which petitioner complained that he never received his trial transcripts.[4] Pet. at 49-51.
>
> Exhibit C to petitioner's state habeas petition contains correspondence, dated between October 26, 2004, and January 14, 2005, regarding petitioner's complaint to the State Bar of California regarding his counsel's failure to provide transcripts. Pet. at 75-79. This correspondence overlapped petitioner's correspondence with Yockelson. Exhibit D to petitioner's state habeas petition contains correspondence between petitioner and the Santa Clara County Superior Court, dated between August 5, 2004, and July 25, 2006, regarding the cost for a replacement transcript. Pet. at 82-97.

Dkt. 16 at 5-6 (footnotes in original).

**2.    Analysis**

Here, the Court finds that Petitioner has failed to meet his burden of showing that he is entitled to equitable tolling based on his lack of access to his trial transcript, and that it need not

---

[2] Petitioner's federal petition incorporates his habeas petition before the California Supreme Court, his habeas petition before the California Court of Appeal, and his habeas petition in the Superior Court. His exhibits are all part of the latter habeas petition.

[3] The page references are to the whole of petitioner's federal petition, including his attached exhibits.

[4] The Santa Clara County Superior Court, in an order dated November 17, 2011, stated petitioner's efforts to obtain transcripts from his appellate counsel stopped in 2004. [Dkt. 10, Ex. F at 2.] Evidently the court overlooked or was unaware of petitioner's April 18, 2011, letter to counsel.

6

develop the record further because the record now contains sufficient "countervailing evidence" pursuant to Laws that rebuts Petitioner's claim.

Upon analyzing the documents provided by Petitioner, they show that he attempted to obtain his trial transcripts on and off from early 2003 (before his direct appeal was final) until July 2006, the date of his last correspondence with the Santa Clara County Superior Court. In the state superior court's July 25, 2006 response to Petitioner's inquiries, Legal Process Supervisor Nick Resz reminds Petitioner that he needed to remit the previously indicated amount required (as explained in another March 22, 2006 letter) for "preparation of the documents [he] require[d]," including his trial transcripts. Dkt. 1 at 82. However, Petitioner does not indicate whether he ever submitted the requested funds; therefore, there is nothing in the record that shows that he was able to obtain trial transcripts from the state superior court. Until his April 18, 2011 letter to Attorney Yockelson, Petitioner provides no record of *any* attempt to obtain his transcripts for an almost five year period from July 2006 to April 2011. In addition, Petitioner did not file his first state habeas petition until September 27, 2011, which was *seven years* after the limitations period expired on August 19, 2004. *Id.* at 28.

Petitioner argues that he exhausted his potential avenues for obtaining his trial transcripts. Dkt. 17 at 4. Even assuming Petitioner engaged in continued efforts to obtain his transcripts between early 2003 and July 2006, the record shows that he ceased attempting to obtain them after that time. Petitioner's argument that he exhausted all avenues is unavailing because in July 2006, he was aware that he could obtain his trial transcripts from the state superior court, but chose not to do so. He also chose to wait almost *five years* before revisiting another known avenue to obtain his transcript–through contacting his appellate attorney. Accordingly, the Court finds that there was at least a *five-year* time frame, if not more, in which Petitioner made no effort to diligently obtain his trail transcripts or pursue his rights in state court. That five-year gap alone demonstrates Petitioner is not entitled to equitable tolling. Moreover, even after receiving the state supreme court's denial of his habeas petition, Petitioner waited *five and a half more months* before filing the instant petition—showing he, again, was not diligent in pursuing his claims. The record shows that for the almost three-year time frame from early 2003 through July 2006, Petitioner was

7

diligent in obtaining his trial transcript and, thus, could have been entitled to equitable tolling during this time frame. However, as mentioned above, Petitioner was not diligent in obtaining his trial transcripts from July 2006 through April 2011; therefore, he is not entitled to equitable tolling for this almost five-year time frame.

In explaining the five-year delay, Petitioner claims he had been relying on his appellate counsel to provide him with copies of his trial transcript during that entire time, but to no avail. He explains that the "lengthy gap in his litigating is a reflection of ignorance and a feeling of hopelessness, not a lack of diligence . . . ." Dkt. 17 at 4. However, the Court finds unavailing Petitioner's argument for equitable tolling during this five-year time frame. The record indicates that Petitioner's counsel told him in November 2004 that he did not need his trial transcripts to file his federal habeas petition. Dkt. 1 at 55. "[P]etitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records," unless they challenge the sufficiency of the evidence (which Petitioner here does not do). *Pliler v. Ford*, 542 U.S. 225, 232 (2004); *see United States v. Battles*, 362 F.3d 1195, 1196-99 (9th Cir. 2004) (expressing doubt that counsel's delay in turning over a full set of transcripts actually prevented petitioner from meeting the statute of limitations); *Lloyd v. Vanatta*, 296 F.3d 630, 634 (7th Cir. 2002) ("equitable tolling does not excuse [petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"). Petitioner fails to show that access to his *trial transcripts* was necessary to pursue his claims, and while there is sufficient case law that says lack of access to *his legal files* warrants equitable tolling—Petitioner *did* have access to his legal files and cannot rely on this case law, as evidenced by the many exhibits and documents filed with his federal petition, which date back several years. *Cf. Espinoza-Matthews*, 432 F.3d at 1027-28 (equitable tolling warranted during inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); *Lott*, 304 F.3d at 921-24 (granting habeas petitioner equitable tolling for 82 days he was deprived of his legal materials due to two temporary transfers, despite fact that petitioner received materials shortly before the limitation period was to expire). Moreover, Petitioner claim that the trial transcripts were necessary is very conclusory—he simply makes a

8

Case 4:12-cv-05619-YGR   Document 19   Filed 09/24/14   Page 9 of 10

general allegation that he needed his transcripts, without identifying the portion in the trial transcripts necessary to preparation of his federal petition. *Cf. Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (petitioner must point to particular document necessary to prepare federal petition and show that he could not procure that document in time to file a timely petition). Finally, Petitioner has raised the same claims in his federal petition that he raised in his state habeas petitions; therefore, this shows that his trial transcripts were not necessary to file his federal petition. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (similarity of federal claims to those raised in direct appeal and motion for state post-conviction relief undercut argument that lack of access to legal materials caused delay in filing federal petition that warranted equitable tolling).

In sum, Petitioner is not entitled to equitable tolling because he has not shown a causal connection between his lack of access to his trial transcripts and his failure to file a federal petition on time; or, said differently, he has not shown that the his lack of access to his trial transcripts was the "the cause of his untimeliness." *Spitsyn*, 345 F.3d at 799. The record contains sufficient countervailing evidence that indicates that, contrary to his assertion, Petitioner's lack of access to his trial transcripts was *not* the reason for his untimeliness. Furthermore, Petitioner fails to show, under the totality of circumstances, that he exercised diligence in obtaining his trial transcripts. As the courts have made clear, this is a separate inquiry that must be satisfied in order to show that equitable tolling is justified. See Pace, 544 U.S. at 418. Here, aside from a three-year period from early 2003 through July 2006, Petitioner fails to show that he is entitled to equitable tolling from July 2006 through April 2011 because he was not diligent in obtaining his trial transcripts. Petitioner was aware that time limits applied to his state petitions and that he had delayed his filings, but, apparently, he blames his delay on the fact that his attorney failed to provide him with his trial transcripts. Because the Court finds above that his lack of access to his trial transcript is was not necessary for Petitioner to file a timely *federal* petition, he is not entitled to equitable tolling during the time frame he was without his trial transcripts. As mentioned above, Petitioner filed present petition on October 19, 2012—more than eight years after the limitations period had expired; therefore, even with the three-year period of equitable tolling from early 2003 through July 2006 (based on due diligence), the petition is still untimely.

9

Accordingly, Petitioner's claim of equitable tolling based on his lack of access to his trial transcripts does not save his petition from being untimely, and it should be dismissed with prejudice.

### III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2009). For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

### IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Respondent's renewed motion to dismiss petition (dkt. 16) is GRANTED, and the petition is DISMISSED with prejudice.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3. Ron Davis, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5. This Order terminates Docket No. 16.

IT IS SO ORDERED.

DATED: September 24, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

P:\PRO-SE\YGR\HC.12\Vega5619.GRANTrenewedMTD.docx